UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

ERIC WILLIAMS and
ALISTAIR CHANELLE GROUP, INC,

    Plaintiffs,

v.

THE WEALTH FACTORY, INC, a foreign corporation,
and ANGEL RICH, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, ERIC WILLIAMS and ALISTAIR CHANELLE GROUP, INC, (herein referred to as "Plaintiffs" and/or "WILLIAMS" "ACG), by and through their undersigned counsel, hereby file this Complaint against Defendants, THE WEALTH FACTORY, INC (hereinafter referred to as "WEALTH FACTORY"), a Foreign Profit Corporation, and ANGEL RICH (hereinafter, "RICH" and collectively, "Defendants"), and says:

## JURISDICTION AND VENUE

1. This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), and for violations under Florida common law.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 and §1367.

3. Venue is proper in the Southern District of Florida because WILLIAMS was employed by Defendants in this District; because Defendants, at all material times, conducted and

continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiffs' claims within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. Plaintiffs say that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff WILLIAMS is a resident of Broward County, Florida. During all times relevant to this Complaint, Plaintiff was employed by Defendants as the Chief Technology Officer. WILLIAMS' job duties regularly required him to make phone calls to persons located in other states, handle records of interstate transactions, and work with goods that were transported across state lines. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA.

6. Plaintiff ACG is a Florida corporation with its principal place of business in Southwest Ranches, Florida.

7. Defendant WEALTH FACTORY is a corporation organized and existing under and by virtue of the laws of Washington, D.C. with its principal place of business in Washington, D.C. WEALTH FACTORY has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Specifically, WEALTH FACTORY is a financial education company that was created to help users increase their financial literacy and its employees, including Plaintiff, regularly handled goods which were transported across state lines. WEALTH FACTORY provides

services and written content to increase financial literacy education through online gaming, adaptive testing, and other means.

9. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce.

10. WEALTH FACTORY upon knowledge and belief, has gross revenue which exceeds $500,000 for the years 2020 and 2021, and utilizes goods in the flow of commerce across state lines. WEALTH FACTORY is therefore covered as an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(s).

11. Defendant RICH, who upon knowledge and belief, resides Washington, D.C., was, or now is, an owner and/or operator of Defendant WEALTH FACTORY.

12. Defendant RICH acted and acts directly in the interests of WEALTH FACTORY in relation to its employees. RICH had and exercised the authority to hire and fire employees, set the pay rate for the employees, and control the finances and operations of WEALTH FACTORY. Thus RICH was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

13. This case is brought under 29 U.S.C. § 216(b). Defendants employed Plaintiff who was not paid minimum wages for all hours worked and/or overtime for work performed in excess of 40 hours per week from the filing of this complaint, back three years.

## GENERAL ALLEGATIONS

14. Plaintiff WILLIAMS worked for Defendants from April 2020 until October 26, 2021 as Chief Technology Officer. Plaintiff was to have been paid a yearly salary of $250,000.

15. Plaintiff WILLIAMS worked an average of thirty-two (32) hours per week.

16. On multiple occasions Plaintiff WILLIAMS worked over forty (40) hours in a workweek.

17. Plaintiff WILLIAMS would have been an exempt employee of Defendants had he actually been paid. However, Defendants have lost the right to the exemption by not paying Plaintiff at all for the services provided and are therefore subject to the payroll practices and procedures set forth hereinafter.

18. Plaintiffs and Defendant WEALTH FACTORY entered into an employment contract on or about October 19, 2021. (Attached hereto as Exhibit "A").

19. Under the written agreement dated October 19, 2021, Plaintiffs agreed to provide services and provide invoices for their services to Defendant and Defendant agreed to pay Plaintiffs as follows $100,000 upon closing $3 million in investments starting April 1, 2021 and issue Plaintiffs 7% equity ownership in CreditRich; $50,000 upon closing $1 million in investments starting April 1, 2021; and $250,000 per year which will be deferred until the closing of $3 million in investments from the period starting April 1, 2021.

20. Plaintiffs provided the services and invoices as required under the contract.

21. Upon knowledge and belief, Defendants have obtained the requisite $3 million in investments required for payment under the contract.

22. Defendants failed to compensate Plaintiffs as required under the contract.

23. Plaintiff WILLIAMS was never compensated for any of his services rendered during his employment with Defendants.

24. Plaintiff WILLIAMS was not paid time and one half for each and every week in which he worked more than forty (40) hours in a workweek.

25. Plaintiff requested compensation on several occasion from Defendants.

26. Defendants refused Plaintiffs' request to properly compensate.

27. Due to Defendants' breach of the employment agreement, improper payroll practices, and failure to properly pay Plaintiffs for all the hours they worked, together with Plaintiffs' requests to be properly compensated, Plaintiffs have suffered damages.

28. Plaintiffs have retained the undersigned firm to prosecute this action on their behalf and have agreed to pay it a reasonable fee for its services.

29. Plaintiffs are entitled to their reasonable attorneys' fees and costs if they are the prevailing party(ies) in this Action.

### COUNT I: VIOLATION OF FLSA / MINIMUM WAGE
### (ON BEHALF OF PLAINTIFF WILLIAMS)

30. Plaintiffs re-allege and re-aver paragraphs 1–29, as fully set forth herein.

31. During the course of Plaintiff WILLIAMS' employment with Defendants, Plaintiff WILLIAMS was not compensated for any and all hours that he worked.

32. Defendants completely failed to pay Plaintiff any compensation.

33. The Defendants willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiff during the relevant time period.

34. As a direct result of Defendants' willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, Plaintiff WILLIAMS requests judgment for:

  a) Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiffs by reason of Defendants' violation of the FLSA;

    b)    Interest on the amount found due;

    c)    Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    d)    A jury trial on all issues so triable;

    e)    Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

    f)    Such other relief as the Court deems just and proper.

### COUNT II – VIOLATION OF FLSA / OVERTIME
### (ON BEHALF OF PLAINTIFF WILLIAMS)

35. Plaintiffs re-allege and re-aver paragraphs 1–30 as fully set forth herein.

36. Since the commencement of Plaintiff WILLIAMS' employment, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one and one half times the regular rates for which they were employed.

37. Specifically, Plaintiff WILLIAMS worked occasionally worked more than forty (40) hours in a workweek but received no compensation at all.

38. Plaintiff WILLIAMS would have been an exempt employee of Defendants had he actually been paid. However, Defendants have lost the right to the exemption by not paying Plaintiff at all for the services provided and are therefore subject to the payroll practices and procedures set forth hereinafter.

39. Defendants have knowingly and willfully failed to pay Plaintiff WILLIAMS at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

40. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

41. Defendants knew or should have known that by failing to compensate Plaintiff whatsoever constitutes a waiver of any exemptions from overtime.

42. Defendants refused to pay Plaintiff WILLIAMS at a rate of time and one-half his regular rate.

43. As a result of Defendants' willful violations of the Act, Plaintiff WILILAMS is entitled to liquidated damages.

44. Plaintiff WILLIAMS has retained the undersigned counsel to represent his in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff WILLIAMS is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff WILILAMS demands judgment for:

    a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff WILLIAMS by reason of Defendant's violation of the FLSA.

    b) Interest on the amount found due;

    c) Liquidated damages;

    d) A jury trial on all issues so triable;

    e) Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

    f) Such other relief as the Court deems just and proper.

## COUNT III – UNPAID WAGES
## (ON BEHALF OF PLAINTIFF WILLIAMS)

45. Plaintiffs re-allege and re-aver paragraphs 1–30, as fully set forth herein.

46. Plaintiff WILLIAMS and Defendants entered into an oral agreement whereby Plaintiff WILILAMS performed services as Chief Technology Officer in exchange for payment from Defendants.

47. According to the agreement, Defendants were to pay the WILLIAMS $250,000 per year.

48. Defendants have completely failed to pay Plaintiff WILLIAMS any compensation for the work performed on Defendants' behalf.

49. Plaintiff WILLIAMS is owed approximately $375,000.00.

50. Further, Plaintiff WILLIAMS is also entitled to liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1).

**WHEREFORE**, Plaintiff WILLIAMS requests judgment against Defendants as follows:

a) Unpaid wages of approximately $375,000;

b) Liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1);

c) Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action; and

d) Such other relief as the Court deems just and proper.

## COUNT IV – BREACH OF CONTRACT
## (ON BEHALF OF ALL PLAINTIFFS AGAINST DEFENDANT WEALTH FACTORY)

51. Plaintiffs re-allege and re-aver paragraphs 1–30, as fully set forth herein.

52. Plaintiffs and Defendant WEALTH FACTORY entered into a written agreement wherein Plaintiffs would provide services to Defendant in exchange for compensation for their services.

53. Plaintiffs performed all of their obligations pursuant to the written agreement, but Defendant breached the agreement by refusing to compensate Plaintiffs for their services.

54. Plaintiffs have been damaged by Defendant's breach of the agreement and reasonably estimate they are owed $150,000 plus WILLIAMS' salary of $250,000 per year for the time he was employed with Defendants and 7% equity in CreditRich.

**WHEREFORE**, Plaintiffs request judgment against Defendant WEALTH FACTORY as follows:

    a) Compensatory damages in the amount of $525,000 and 7% equity in CreditRich or according to proof at trial;

    b) Consequential damages;

    c) Attorney's fees and costs associated with this action pursuant to contract; and

    d) Such other relief as the Court deems just and proper.

## COUNT V – UNJUST ENRICHMENT
## ON BEHALF OF ALL PLAINTIFFS AGAINST DEFENDANT WEALTH FACTORY

55. Plaintiffs re-allege and re-aver paragraphs 1–30, as fully set forth herein.

56. From April 2020 until October 26, 2021, Plaintiffs performed services for the benefit of Defendant WEALTH FACTORY.

57. WEALTH FACTORY benefited from Plaintiffs' services and was aware that Plaintiffs expected to be paid for those services.

58. WEALTH FACTORY failed to compensate Plaintiffs for their services from April 2020 to October 26, 2021.

59. WEALTH FACTORY was therefore unjustly enriched by received said services Plaintiffs provided.

**WHEREFORE**, Plaintiffs request judgment against Defendants as follows:

    a) Compensatory damages according to proof at trial;

    b) Consequential damages;

    c) Attorney's fees and costs associated with this action; and

    d) Such other relief as the Court deems just and proper.

**COUNT VI – QUANTUM MERUIT**
**(ON BEHALF OF ALL PLAINTIFFS AGAINST DEFENDANT WEALTH FACTORY)**

60. Plaintiffs re-allege and re-aver paragraphs 1–30, as fully set forth herein.

61. From April 2020 until October 26, 2021, Plaintiffs performed services for the benefit of Defendant WEALTH FACTORY.

62. WEALTH FACTORY acquiesced in the provision of Plaintiffs' services and was aware that Plaintiffs expected to be paid for those services.

63. WEALTH FACTORY failed to compensate Plaintiffs for their services from April 2020 to October 26, 2021.

64. WEALTH FACTORY was therefore unjustly enriched by received said services Plaintiffs provided.

**WHEREFORE**, Plaintiffs request judgment against Defendants as follows:

    e) Compensatory damages according to proof at trial;

    f) Consequential damages;

    g) Attorney's fees and costs associated with this action; and

      h)      Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues contained herein so triable as a matter of right.

Dated: May 2, 2022.

                                **LAW OFFICES OF CHARLES EISS, P.L.**
                                Attorneys for Plaintiff
                                7951 SW 6th Street, Suite 112
                                Plantation, Florida 33324
                                (954) 914-7890 (Office)
                                (855) 423-5298 (Facsimile)

                By:     /s/ Charles Eiss
                                CHARLES M. EISS, Esq. (FBN: 612073)
                                chuck@icelawfirm.com
                                SHANNA WALL, Esq. (FBN: 0051672)
                                shanna@icelawfirm.com